IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LILIANA FUENMAYOR, and JUAN LANDINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION<br><br><br><br>Case No. 2:08-CV-874 TS |

## I. INTRODUCTION

In the second cause of action of Plaintiffs' First Amended Complaint, Plaintiffs assert that the United States of America should be held liable for the wrongful death of their unborn child, who allegedly died as a result of their healthcare providers' failure to properly diagnose and treat Plaintiff Fuenmayor's intrahepatic cholestasis of pregnancy.

The United States moves to dismiss under Fed.R.Civ.P. 12(b)(1) because the United States has not waived its sovereign immunity. The Federal Tort Claims Act ("FTCA") allows the United State to be held liable for tort claims only "in the same manner and to the same extent as a private

1

individual under like circumstances."[1] Under Utah Law in 2007, parents could sue for the wrongful death of a "minor child."[2] The United States contends that the legislature did not intend, nor have Utah courts ever interpreted, "minor child" to include unborn children; therefore, the statute does not support a claim for the wrongful death of an unborn child. Plaintiffs assert that Utah courts have never squarely decided the issue under § 78-11-6 and urge the Court to adopt a more expansive definition by citing to numerous jurisdictions that recognize a claim of wrongful death of an unborn child.[3] Thus, at issue is whether, under Utah law in 2007, a private party could bring an action in tort for the wrongful death of an unborn child.

## II. STANDARD OF REVIEW

Under Fed.R.Civ.P. 12(b)(1), a party can facially attack the alleged subject matter jurisdiction of the court by "challenging the sufficiency of the complaint."[4] In reviewing a facial attack, the court accepts the allegations in the complaint as true.[5]

---

[1] 28 U.S.C. §§ 2671–2680.

[2] Utah Code. Ann. § 78-11-6 (2007).

[3] *See* Docket No. 13, Ex. 1.

[4] *Paper, Allied –Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[5] *Id.*

III. DISCUSSION

The Court's subject matter jurisdiction for this claim "is predicated on the United State's waiver of sovereign immunity under the FTCA."[6] The FTCA allows the United States to be held liable for tort claims "to the same extent as private individuals."[7] In deciding the extent of private party liability, federal courts are to look to "the law of the state in which the alleged tortious activity occurred to resolve questions of liability."[8] Thus, if Utah allowed liability for the wrongful death of an unborn child to private individuals at the time of the alleged injury, the United States has waived its sovereign immunity and can be held liable for this claim.

A.      THE PLAIN LANGUAGE OF THE STATUTE

In deciding issues of statutory interpretation, Utah courts seek to "to evince the true intent and purpose of the Legislature."[9] They do so "by first looking to the statute's plain language, and giv[ing] effect to the plain language unless the language is ambiguous."[10] In so doing, they "read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters."[11] Further, Utah courts "presume that the legislature used each word in a statute advisedly and [the courts] give effect to each term according to its

---

[6] *Ayala v. United States*, 49 F.3d 607, 610 (10th Cir. 1995).

[7] 28 U.S.C. § 2674.

[8] *Ayala*, 49 F.3d at 611.

[9] *Liv v. Enterprise Rent-A-Car Co.*, 150 P.3d 471, 474 (Utah 2006) (citation omitted).

[10] *Id.* (citation omitted).

[11] *Id.* (citation omitted).

ordinary and accepted meaning."[12] When legislation is clear, Utah courts "refuse to consider public policy arguments or otherwise attempt to assess the wisdom of the legislation. [Their] duty is to implement the law as it reads unless it results in an absurd outcome."[13]

In 2007, Utah Code Annotated § 78-11-6 provided that "a parent . . . may maintain an action for the death or injury of a minor child when the injury or death is caused by the wrongful act or neglect of another." The statute provides no definition of "minor child" and no Utah case has ever specifically addressed this type of claim under § 78-6-11. However, Utah courts have had opportunity to address the usage of "minor child" or "child" in other statutes as it relates to unborn children. In *Alma Evans Trucking v. Roach*,[14] the court faced the question whether worker's death benefits, payable to dependent children, included payment to an unborn child.[15] The court found that when the legislature used the word "child" it did so "in its ordinary and usual sense, *viz.*, a child which has been born. . . . Until the child is born, it is usually referred to as a child in utero or a fetus."[16]

In analyzing other statutes that use the term "minor child," the Utah legislature appears to have consistently distinguished between minor and unborn children. For example, the Utah Probate

---

[12] *Id.* (citation omitted).

[13] *Stephens v. Bonneville Travel, Inc.*, 935 P.2d 518, 522 (Utah 1997).

[14] 714 P.2d 1147 (Utah 1986).

[15] *Id.* at 1148.

[16] *Id.*

Code states that "a parent may represent and bind the parent's minor or unborn child if a conservator or guardian for the child has not been appointed."[17] Further, when the Utah legislature intends to protect unborn children, it expressly provides for their protection by using the term "unborn." For example, a person commits criminal homicide if he, with culpable *mens rea*, "causes the death of another human being, including an unborn child at any state of its development."[18] In another section of the criminal code, the Utah legislature has announced that the "state of Utah has a compelling interest in the protection of the lives of unborn children."[19]

Based on the plain language of the statute, presuming that the legislature used each word deliberately and purposively, the term "minor child" does not encompass unborn children, and therefore appears to preclude wrongful death claims based on the death of unborn children.

B.   CASE LAW

In moving for dismissal, the United States places significant weight on *Webb v. Snow*.[20] Although *Webb* held that "damages are not awarded for 'loss of the unborn child' unto itself," the operative facts involved a woman asserting claims for miscarriage of a six-day pregnancy.[21] Thus, as later opinions have suggested, the holding may not apply to the wrongful death of a full-term

---

[17] Utah Code Ann. § 75-7-303(6).

[18] Utah Code Ann. § 76-5-201(1).

[19] Utah Code Ann. § 76-7-301.1(2).

[20] 132 P.2d 114 (Utah 1942).

[21] *Id.* at 118.

fetus.[22] Consequently, the Utah case law cited by the United States is not helpful in deciding this issue.

Plaintiffs assert that because thirty-four other jurisdictions have interpreted their wrongful death statutes to include a cause of action for unborn children, this Court should expand the definition of "minor child" to include unborn children. Notwithstanding this impressive trend, only three of these jurisdictions used the term "minor child" in their wrongful death statutes.[23] The statutes of the vast majority of jurisdictions recognizing a wrongful death claim for unborn children used the more generic term "person."[24]

Jurisdictions that have expanded the term "minor child" to include the unborn rest their decisions on policy grounds. For example, in *Moen v. Hansen*,[25] the Washington Supreme Court

---

[22] *See Nelson v. Peterson*, 542 P.2d 1075, 1079 (Utah 1975) (Maughan, J., dissenting) (noting that *Webb* is not applicable to a case involving "the wrongful death of a full-term viable fetus"); *State Farm Mutual Auto. Ins. Co. v. Clyde*, 902 P.2d 1183, 1187 n.4 (Utah 1996) (noting that because grandparents lacked standing under Utah Code Ann. § 78-11-6, the court "need not decide the more general question of whether the death of a fetus can ever provide the basis for maintaining an action" under that section).

[23] *See Gentry v. Gilmore*, 613 So. 2d 1241, 1244 (Ala. 1993); *Volk v. Baldazo*, 651 P.2d 11 (Idaho 1982); *Moen v. Hanson*, 527 P.2d 266 (Wash. 1975).

[24] *See, e.g.*, *Wade v. United States*, 745 F. Supp. 1573 (D. Haw. 1990).

[25] 527 P.2d 266 (Wash. 1975).

asserted that it is fundamentally unfair to deny wrongful death claims for the unborn.[26] To illustrate its point, the court:

> [P]osed a hypothetical example involving twins injured simultaneously [where] one [was] born alive and one [was] stillborn. . . . [T]o allow recovery for only one of the twin victims is logically indefensible. It would be inconsistent to say that the child must first draw breath, then expire, in order to confer upon its parents a right of action for its death. We thus reject birth as the demarcation.[27]

Based on these principles of fairness, the Washington Supreme Court found that it would be unjust to refuse to recognize a wrongful death claim for an unborn child.[28]

By contrast, jurisdictions that have rejected the argument that the term "minor child" includes unborn children focus on the statutory language.[29] For example, in Florida, while claimant pressed the court to recognize a wrongful death cause of action because of many of the same policies mentioned in *Moen*, the court ultimately rejected these arguments, noting that "while these views have some merit . . . our judgment is concluded primarily by the particular language of the Florida Statute in the light of its historical background."[30]

---

[26] *Id.* at 268 (noting that "[d]enial of recovery to an unborn child tortiously killed, on the arbitrary grounds that the child did not survive the tort long enough to be born alive, is eminently illogical").

[27] *Id.* (citations omitted).

[28] *Id.*

[29] *See, e.g., Stokes v. Liberty Mut. Ins. Co.*, 213 So.2d 695, 700 (Fla. 1968)

[30] *Id.*

In Utah, unless the statutory language is ambiguous, courts refuse to consider policy arguments.[31] Although the policy arguments in favor of recognizing a wrongful death cause of action for unborn children are certainly persuasive, the specific language of the Utah wrongful death statute, in light of its historical context, is not ambiguous and the Court will not consider policy arguments that run contrary to the statutory language.

As aforementioned, Utah courts have held in other contexts that when the legislature uses the term "child," they do so in the ordinary sense of the word, namely, a child born alive.[32] Further, in comparing the 2007 wrongful death statute to other statutes, the Utah legislature has demonstrated a consistent practice of distinguishing between a "minor child" and an "unborn child."[33] In light of these considerations, the legislature's use of the term "minor child" unambiguously refers to children born alive and therefore, no right of action for the wrongful death of an unborn child existed in Utah in 2007.[34]

---

[31] *Stephens*, 935 P.2d at 522.

[32] *Alma Evans Trucking*, 714 P.2d at 1148.

[33] *See* Utah Code Ann. § 75-7-303(6) (distinguishing between a "minor or unborn child"); *Id.*, § 76-7-301.1 (establishing a general policy to protect "unborn children"); *Id.*, § 76-5-201(1) (stating that a person commits criminal homicide if he, with culpable *mens rea*, "causes the death of another human being, including an unborn child at any state of its development").

[34] It should be noted that, effective May 12, 2009, the wrongful death statute was amended to eliminate the distinction between minors and adults and instead provide that "when the death of a *person* is caused by the wrongful act or neglect of another, his heirs . . . may maintain an action for damages . . . ." 2009 Utah Laws Ch. 79 (emphasis added). However, this statutory amendment has no relevance to the case at hand because Utah generally prohibits retroactive application of statutory amendments, unless specifically provided for by the legislature. *See Olsen v. Samuel McIntyre Investment Co.*, 956 P.2d 257, 261 (Utah 1998).

## IV. CONCLUSION & ORDER

Under the FTCA, the United States can be held liable "in the same manner and to the same extent as a private individual under like circumstances."[35] Because, in 2007, Utah did not recognize a cause of action against a private individual for the wrongful death of an unborn child, the United States likewise cannot be held liable. Consequently, the Court is without subject-matter jurisdiction to hear Plaintiff's second cause of action in Plaintiff's First Amended Complaint and therefore that claim is dismissed.

It is therefore

ORDERED that Defendant United States of America's Motion to Dismiss Plaintiff's Second Cause of Action (Docket No. 9) is GRANTED.

DATED   May 15, 2009.

BY THE COURT:

TED STEWART
United States District Judge

---

[35] 28 U.S.C. §§ 2671–2680.