IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LILIANA FUENMAYOR, an individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 56(F) MOTION<br><br><br><br>Case No. 2:08-CV-874-TS |

## I. INTRODUCTION

The matter is before the Court on Plaintiff's Rule 56(f) Motion for leave to obtain expert testimony, or, if the Court denies the motion, Plaintiff's request for an additional two weeks to respond to Defendant's Motion for Summary Judgment. For the reasons discussed below, the Court denies Plaintiff's Rule 56(f) Motion, while granting Plaintiff an additional week to respond to Defendant's Motion for Summary Judgment.

## II. BACKGROUND FACTS

On October 10, 2007, Liliana Fuenmayor ("Plaintiff") met with Dr. Shen ("Shen") of the Oquirrh View Community Clinic ("clinic") for a prenatal checkup. At the time, Plaintiff was 33 weeks pregnant and had no prior complications. Plaintiff disclosed to Shen that she itched all over, especially on her palms and soles of her feet. Shen did not perform any lab work, including

1

blood tests or bile level tests, despite Plaintiff presenting the classic symptoms of Intrahepatic Cholestasis of Pregnancy ("ICP").  Rather, Shen sent Plaintiff home with prescriptions for Benadryl and anti-itching creams and instructions to do kick counts and to call back if she noticed decreased movement with her baby.

On October 21, 2007, Plaintiff first noticed decreased movement with her baby.  Early the next morning, she called the clinic, which advised her to go the University of Utah Emergency Room.  Upon arriving, it was determined that Plaintiff's baby had died.  Shortly thereafter it was delivered stillborn.  The autopsy report was inconclusive as to the cause of death, but ICP was not ruled out.

In bringing a cause of action alleging medical malpractice against the Defendant, Plaintiff hired Robert Armstrong, M.D. ("Armstrong") to provide his expert opinion on the facts of the case.  He opined that Shen's failure to do any laboratory work breached the standard of care.  However, Armstrong did not testify on the issue of causation between the breach of the standard of care and Plaintiff's miscarriage, nor did Plaintiff's counsel allege any facts concerning the issue of causation.

### III. PRESENT MOTION

In response to Plaintiff's omission to make a showing of causation, Defendant filed a Motion for Summary Judgment.  Plaintiff filed a Rule 56(f) motion, seeking an opportunity to acquire a new expert opinion to address the lack of evidence on causation or, alternatively, to grant Plaintiff two additional weeks to respond to Defendant's Motion for Summary Judgment.

## IV. DISCUSSION

The issue before the Court is whether Plaintiff's 56(f) motion should be granted. Fed. R. Civ. P. 56(f) states that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."[1] A 56(f) movant must make three showings: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of a summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier.[2] However, Rule 56(f) "does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery."[3]

In the instant case, Plaintiff argues that she satisfies all three elements necessary to grant a 56(f) motion. Concerning the first element, Plaintiff clearly outlines the particular discovery she intends to conduct. That discovery would be comprised by obtaining an additional medical expert to issue an opinion and report on the issue of causation.

Turning to the second element, Plaintiff argues that Dr. De Vore ("De Vore"), an additional medical expert Plaintiff wishes to include as an expert witness, would bear an expert opinion precluding the entry of summary judgment. De Vore would testify on both the issues of negligence and causation. Specifically, Plaintiff would argue that Shen had a duty to administer

---

[1] Fed. R. Civ. P. 56(f)

[2] *Garcia v. United States Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008).

[3] *Id.* at 1180.

Ursodeoxycholic acid to Plaintiff as treatment for ICP and monitor her through the end of her pregnancy.[4] Additionally, De Vore would presumably testify that Defendant's breach led to her failure to treat ICP, resulting in the miscarriage of Plaintiff's fetus. Plaintiff points out that this testimony would create a clear and unambiguous question of fact regarding the issue of liability and causation, which will preclude the entry of summary judgment.

Defendant counters that this second element is not met. This is due to two indisputable clear facts, Defendant argues, relevant to the causation issue. First, that the autopsy performed on Plaintiff's stillborn baby was inconclusive as to the cause of death. Second, that it is unknown what readings might be obtained had Plaintiff's blood been sampled and tested for ICP on October 10, 2007, and, as a result, it is unknown whether Shen would have diagnosed and treated Plaintiff for ICP had he conducted a blood test. Therefore, any conclusions De Vore could make would be speculative.

Plaintiff accurately points out, however, that the standard of making a showing in a civil suit is one of the preponderance of the evidence.[5] Thus, De Vore merely needs to establish that it is more likely than not that ICP caused the death of Plaintiff's baby. De Vore's testimony very well could preclude motioning for summary judgment. Thus, the second element is met.

Turning to the third element, Plaintiff points out that they were under the belief that Armstrong's report was sufficient to create a question of fact on the issue of causation.[6] As a result, Plaintiff explains, they felt no need to procure any additional medical experts. Upon

---

[4] Docket No. 27, at 6.

[5] Docket No. 28, at 4.

[6] Docket No. 26, at 7.

4

receiving Defendant's Motion for Summary Judgment, Plaintiff realized the need for further discovery to defeat summary judgment.

Defendant argues that Plaintiff's failure to conduct discovery concerning the issue of causation was dilatory and, as a result, Plaintiff does not satisfy the third element.

It is clear the Plaintiff lacked diligence by failing to conduct discovery. Thus, the question becomes whether Plaintiff lacking diligence is considered dilatory for the purposes of a 56(f) motion. There is a wide breadth of case law concerning dilatory tactics in the context of a 56(f) analysis. In the Tenth Circuit, for example, the court held that where "a pretrial order clearly defines the issues involved in the action, and sets forth a deadline for completion of discovery, a continuance for additional discovery will not be granted where the failure is attributable to lack of diligence."[7] Similarly, the Seventh Circuit found that "when a party fails to secure discoverable evidence due to his own lack of diligence . . . it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information."[8]

Here, the issue of medical malpractice was clearly defined, and a schedule for discovery was set. Under Utah law it is well settled that expert testimony is required to show causation in medical malpractice cases.[9] Under the scheduling order, expert discovery was to be completed by February 2, 2010. Plaintiff admits to not conducting discovery as a result of their own

---

[7] *Reeg v. Shaunghnessy*, 570 F.2d 309, 316 (10th Cir. 1978). *See also R.H. Fulton v. Coppco Inc.*, 407 F.2d 611 (10th Cir. 1969).

[8] *Pfeil v. Rogers,* 757 F.2d 850, 857 (7th Cir. 1985).

[9] *Bowman v. Kalm*, 179 P.3d 754, 755 (Utah 2008).

oversight on the issue of causation.[10] However, Plaintiff argues that their oversight was not dilatory. Rather, they argue that they made a good faith effort in conducting discovery, as they were under the impression that their original expert witness, Armstrong, would be able to testify regarding causation. It was not until Defendant filed its motion for summary judgment that Plaintiff realized an additional expert witness was necessary to defeat Defendant's Motion for Summary Judgment.

Defendant correctly points out, however, that since it answered the First Amended Complaint in April 2009, Plaintiff had notice that the issue of causation was contested.[11] Defendant also gave notice that causation was contested in their response to Plaintiff's Request for Admission and Dr. Later's expert report, both of which Plaintiff received.[12] Further, as stated, Utah law makes clear that expert testimony on causation is required in medical malpractice cases. Whether Plaintiff made a good faith mistake in failing to conduct discovery is not persuasive in this instance. Plaintiff had every reason to conduct discovery on causation, as it is one of two central issues in a medical malpractice suit.

Further, Plaintiff does not allege that any limitations were placed on the discovery process. Indeed, Plaintiff had nearly two years to conduct discovery with its expert witnesses.[13] Plaintiff has offered no reason why this amount of time was inadequate for it to conduct discovery. Moreover, as Defendant points out, Plaintiff's Rule 56(f) motion was filed on May

---

[10] Docket No. 26, at 7.

[11] Docket No. 28, at 4.

[12] Docket No. 28, at 4.

[13] Docket No. 20, at 1; *see also* Docket No. 28, at 2.

10, 2010, approximately three months after the extended date for completing expert discovery, and less than 90 days before trial was scheduled to begin.[14] Given the fact that Plaintiff had ample opportunity, time, and reason to conduct discovery on the issue of causation but failed to do so, it is clear that Plaintiff was dilatory.

## V. CONCLUSION

It is therefore

ORDERED that Defendant's 56(f) Motion for leave to obtain affidavits and designation of an expert witness in opposition to Defendant's Motion for Summary Judgment (Docket No. 26) is DENIED. It is further

ORDERED that Plaintiff's request for additional time to reply to Defendant's Motion for Summary Judgment (Docket No. 26) is GRANTED, requiring Plaintiff to file a response in one week by July 7, 2006, with a reply due on July 16, 2010. It is further

ORDERED that the trial date set for August 2, 2010, is STRICKEN. The Court will set a new trial date after the determination of the Summary Judgment Motion.

DATED   June 30, 2010

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[14] Docket No. 28, at 5.