IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LILIANA FUENMAYOR and JUAN LANDINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:08-CV-874 TS |

This matter is before the Court on Defendant's Motion to Strike and Motion for Summary Judgment. For the reasons discussed below, the Court will deny Defendant's Motion to Strike as moot and grant Defendant's Motion for Summary Judgment.

I. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[1] In considering whether a

---

[1] FED. R. CIV. P. 56(c).

1

genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3] Once a motion for summary judgment is properly made and supported, "an adverse party may not rest upon the mere allegations or denials in his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, summary judgment, if appropriate, shall be entered against him."[4]

## II. STATEMENT OF FACTS

On October 10, 2007, Liliana Fuenmayor ("Plaintiff")[5] met with Dr. Shen ("Dr. Shen") of the Oquirrh View Community Clinic for a prenatal checkup. At the time, Plaintiff was 33 weeks pregnant and had no prior complications. Plaintiff disclosed to Dr. Shen that she itched all over, especially on her palms and soles of her feet. Dr. Shen did not perform any lab work, including blood tests or bile level tests, despite Plaintiff presenting the classic symptoms of Intrahepatic Cholestasis of Pregnancy ("ICP"). Rather, Dr. Shen sent Plaintiff home with prescriptions for

---

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] FED. R. CIV. P. 56(e)(2).

[5] Both Ms. Fuenmayor and her husband are named Plaintiffs but, for the sake of clarity, the Court will refer to Ms. Fuenmayor as Plaintiff.

Benadryl and anti-itching creams and instructions to do kick counts and to call back if she noticed decreased movement with her baby.

On October 21, 2007, Plaintiff first noticed decreased movement with her baby. Early the next morning, she called the clinic, which advised her to go the University of Utah Emergency Room. Upon arriving, it was determined that Plaintiff's baby had died. Shortly thereafter it was delivered stillborn. The autopsy report was inconclusive as to the cause of death, but ICP was not ruled out.

Plaintiff alleges that Dr. Shen breached the standard of care in failing to order blood tests to determine the cause of Plaintiff's itching. Plaintiff also alleges that Dr. Shen breached the standard of care by failing to prescribe Ursodeoxycholic acid ("UDCA") as a preventative treatment prior to conducting lab work. In support of this position, Plaintiff has submitted a report and affidavit from her expert Dr. Armstrong.[6] In his report, Dr. Armstrong states: "I am distressed to conclude that the standard of care was breeched [sic] in that the diagnosis [for ICP] was not considered and confirming lab work and subsequent consultation was not obtained."[7] Dr. Armstrong further states that "[b]ecause the diagnosis was not made, an opportunity for potentially life saving treatment (early delivery) was missed in this case."[8] In his recently submitted affidavit, Dr. Armstrong quotes a study which suggests that UDCA is the first line of

---

[6]Portions of the affidavit of Dr. Armstrong are the subject of a Motion to Strike, discussed below.

[7]Docket No. 25, Ex. F.

[8]*Id*.

treatment for ICP.[9] Dr. Armstrong goes on to state that "ICP is a treatable condition and fetal demise is preventable."[10]

Defendant argues that Plaintiff has failed to show that Dr. Shen breached the standard of care. Defendant further argues that Plaintiff cannot show that Dr. Shen's decision not to order blood tests or administer UDCA caused the death of Plaintiff's unborn child.

### III. MOTION TO STRIKE

Defendant seeks to strike the Declaration of Dr. Devore and certain portions of a new affidavit submitted by Dr. Armstrong. Defendant argues that Dr. DeVore's declaration should be stricken because it violates this Court's July 1, 2010 order precluding Plaintiffs from obtaining "affidavits" from Dr. DeVore and because it was filed one day after the extended deadline Plaintiffs' response established by the same Court Order.[11] Defendant further argues that portions of Dr. Armstrong's amended statement should be barred because it incorporates the forbidden opinion of Dr. DeVore and because it is based on a medical article not published until 2010, well after Dr. Shen was treating Plaintiff.[12] Moreover, Defendant argues, the amended version of Dr. Armstrong's testimony (contained in paragraphs 9-13) is untimely, coming nearly five months after the deadline for completion of expert discovery.[13]

---

[9] Docket No. 34, Ex. 3.

[10] *Id.*

[11] Docket No. 33, at 7.

[12] Docket No. 37, at 2.

[13] *Id.*

4

Plaintiff has responded to the Motion by withdrawing the Declaration of Dr. Devore. Therefore, the Court will not consider it. Plaintiff argues that the disputed portions of Dr. Armstrong's Affidavit should not be stricken.

The Court will deny Defendant's Motion to Strike as moot. Even if the Court were to consider those disputed portions of Dr. Armstrong's Affidavit, they do not alter the Court's decision on Defendant's Motion for Summary Judgment. Therefore, there is no need to strike those disputed portions of the Affidavit.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. NEGLIGENCE

Plaintiffs bring this action under the Federal Tort Claims Act ("FTCA").[14] The FTCA provides that the United States is liable to the same extent as a private individual in accordance with the law of the place where the act or omission occurred.[15] To prove negligence under Utah law, a plaintiff must show that the defendant owed Plaintiff a duty and that the Defendant breached that duty, the breach of that duty was the proximate cause of the Plaintiff's injuries, and Plaintiff in fact suffered injuries.[16] Under Utah law, "[t]here is a general requirement in medical malpractice cases that the element of proximate cause be supported by expert testimony."[17] The

---

[14] 28 U.S.C. §§ 2670 to 2680.

[15] *Id*. § 1346(b); *id*. § 2674.

[16] *Braithwaite v. West Valley City Corp.*, 921 P.2d 997, 999 (Utah 1996) (citations omitted).

[17] *Bowman v. Kalm,* 179 P.3d 754, 755 (Utah 2008).

5

reason for this requirement is that "the causal link between the negligence and the injury are usually not within the common knowledge of the lay juror."[18]

The Court may assume, for the purposes of this Motion, that Dr. Shen breached the applicable standard of care by failing to perform blood tests and/or administer UDCA. Even so assuming, summary judgment is proper in that there is a lack of evidence on the issue of causation.

As stated, the general rule in Utah is that causation must be supported by expert testimony in medical malpractice cases. The relevant portions of the report and affidavit of Plaintiff's expert, Dr. Armstrong, are set forth above. In relation to the failure to conduct blood tests, Dr. Armstrong concludes that the standard of care was breached. He does not, however, state that the breached resulted in the death of Plaintiff's unborn child. Rather, he states that "an opportunity for life saving treatment . . . was missed in this case."[19] Such a speculative opinion is insufficient to establish causation.

Dr. Armstrong's recently submitted affidavit fares no better. In his affidavit, Dr. Armstrong points to UDCA as a treatment for ICP. He then goes on to state that "ICP is a treatable condition and fetal demise is preventable."[20] At no point does Dr. Armstrong offer an opinion as to whether the use of UDCA would have altered the outcome in this case.

---

[18]*Id.*

[19]Docket No. 25, Ex. F.

[20]Docket No. 34, Ex. 3.

6

Plaintiff argues that a reasonable jury could find for Plaintiff on the issue of causation because of the "common knowledge" exception to the general requirement of expert testimony to prove proximate causation in a medical malpractice case.[21] The common knowledge exception applies in medical malpractice cases "when the causal link between negligence and the injury would be clear to a lay juror who has no medical training."[22]

Here, the common knowledge exception does not apply. In order for a jury to determine whether ordering blood tests and/or prescribing UCDA would have prevented fetal demise within the eleven-day window between October 10, 2007, when Plaintiff was examined by Dr. Shen, and October 21, 2007, the date the autopsy report estimated Plaintiff's fetus demised, requires knowledge beyond that common to the average jury. Given the specialized, medical nature of the issue of causation between failing to perform blood tests and/or prescribe UCDA and fetal demise and the lack of expert testimony, Plaintiff has failed to raise an issue of material fact. Due to this lack of expert testimony supporting that causal link, no reasonable jury could find for Plaintiff on the issue of causation.

B.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Under Utah law, negligent infliction of emotional distress requires a showing of illness or bodily harm.[23] Plaintiff's allegations relating to her negligent infliction of emotional distress claim are insufficient to withstand summary judgment under this standard.

---

[21] *Bowman,* 179 P.3d at 755.

[22] *Id*. at 756 (holding that expert testimony is unnecessary "when the causal connection is readily apparent using only common knowledge") (internal citations omitted).

[23] *Anderson Dev. Co. v. Tobias*, 116 P.3d 339, 323 (Utah 2005).

## V. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Strike (Docket No. 36) is DENIED AS MOOT.

It is further

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 24) is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiffs and close this case forthwith.

DATED   August 20, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge